J-S33023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALFON RAYMOND BROWN | : | |
| | : | |
| Appellant | : | No. 1236 WDA 2022 |

Appeal from the PCRA Order Entered September 29, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006950-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALFON RAYMOND BROWN | : | |
| | : | |
| Appellant | : | No. 1237 WDA 2022 |

Appeal from the PCRA Order Entered September 29, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006494-2005

BEFORE:  BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED:  November 22, 2023**

Alfon Raymond Brown (Appellant) appeals from two orders[1] entered in

the Allegheny County Court of Common Pleas, denying his serial Post-

_____

[*] Former Justice specially assigned to the Superior Court.

[1] On November 8, 2022, this Court consolidated these appeals *sua sponte.*
**See** Order, 11/8/22.

Conviction Relief Act[2] (PCRA) petition relating to two trial court dockets. On appeal, he complains that contrary to the PCRA court's determination, his petition was timely filed under the "newly-discovered evidence" exception,[3] and the court erred by dismissing the petition without holding an evidentiary hearing. Based on the following, we affirm.

A detailed recitation of the underlying facts is not necessary for this appeal. Briefly, we note that Appellant's convictions stem from the February 20, 2005, home invasion and shooting deaths of two victims, and the wounding of a third individual, in Penn Hills, Pennsylvania. Appellant was tried in a joint, non-jury trial with his three co-defendants, Ramone Coto,[4] Erik Surratt,[5] and Richard Cunningham.[6] On February 8, 2008, the trial court found Appellant guilty of two counts of second-degree murder, and one count each of burglary and conspiracy.[7] On April 18, 2008, the trial court sentenced

---

[2] 42 Pa.C.S. §§ 9541-9545.

[3] 42 Pa.C.S. § 9545(b)(1)(ii).

[4] **See** Trial Docket Nos. CP-02-CR-0005352-2005 and CP-02-CR-0005494-2005; **Commonwealth v. Coto**, 1379 WDA 2008 (unpub. memo.) (Super. Ct. April 14, 2010).

[5] **See** Trial Docket Nos. CP-02-CR-0005355-2005 and CP-02-CR-0005495-2005; **Commonwealth v. Surratt**, 1273 WDA 2008 (unpub. memo.) (Super. Ct. April 14, 2010).

[6] **See** Trial Docket No. CP-02-CR-0015297-2006; **Commonwealth v. Cunningham,** 1614 WDA 2009 (unpub. memo.) (Super. Ct. July 30, 2010).

*(Footnote Continued Next Page)*

Appellant to two concurrent terms of life imprisonment without the possibility of parole for the murder convictions, and a consecutive term of eight to 16 years' incarceration for the remaining convictions.

Appellant filed a direct appeal that only listed Docket No. CP-02-CR-0006494-2005 (Docket No. 6494-2005),[8] raising claims of insufficient evidence and trial court error based on the denial of Pa.R.Crim.P. 600 and severance motions. A panel of this Court affirmed his judgment of sentence on April 14, 2010, and the Pennsylvania Supreme Court denied his petition for allowance of appeal (PAA) on September 9, 2010. *See Commonwealth v. Brown*, 819 WDA 2008 (unpub. memo.) (Pa. Super. April 14, 2010), *appeal denied*, 207 WAL 2010 (Pa. Sept. 9, 2010).

Appellant then filed a timely, *pro se* PCRA petition, listing both criminal dockets, on June 29, 2011. The PCRA court appointed counsel, who subsequently filed a petition to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 14, 2012, the PCRA court granted counsel's petition to withdraw, and subsequently denied Appellant's petition on February 1, 2013. Appellant appealed, and a panel of this Court affirmed the PCRA court's order denying relief on December

---

[7] 18 Pa.C.S. §§ 2502(b), 3502(a), 903(a)(1).

[8] Docket No. 6494-2005 concerned the second-degree murder convictions.

3, 2013. *See Commonwealth v. Brown*, 488 WDA 2013 (unpub. memo.) (Pa. Super. Dec. 3, 2013).

Appellant did not file a PAA with the Supreme Court; instead, he filed a petition for writ of *habeas corpus* under 28 U.S.C. § 2254 on May 14, 2014. The PCRA court treated the petition as a second PCRA petition[9] and issued an order on September 8, 2014, dismissing Appellant's petition.

The matter went dormant for several years until Appellant filed *pro se* the instant, his third, PCRA petition and a memorandum of law on September 11 and 24, 2018, respectively. Appellant invoked the "newly-discovered evidence" timeliness exception[10] to the PCRA, based on statements purportedly made by his co-defendant, Surratt, at Surratt's December 6, 2017, resentencing proceeding that he (Surratt) was responsible for the

_____

[9] *See* 42 Pa.C.S. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus*").

[10] We note that at times in the record, the concept, "newly-discovered evidence" is conflated with the phrase, "after-discovered evidence," when the parties and the PCRA court are discussing the timeliness exception. *See Commonwealth v. Williams*, 244 A.3d 1281, 1289 n.20 (Pa. Super. 2021) (stating that a newly-discovered evidence issue — defined under Section 9545(b)(1)(ii) of the PCRA — is a jurisdictional threshold and does not require a merits analysis, whereas an after-discovered evidence argument — set forth in Section 9543(a)(2)(vi) of the PCRA — is a substantive claim alleging the unavailability of exculpatory evidence at the time of trial that would have changed the outcome at trial if introduced). Here, we must first address the jurisdictional question, because the PCRA court found Appellant's petition was untimely filed, before we can reach the merits of the substantive claim. Therefore, we will be replacing certain terms as set forth by the parties and the court in our analysis.

murders.[11]   **See** Appellant's Petition for Post Conviction Collateral Relief, 9/11/18, at 3; Appellant's Memorandum of Law, 9/24/18 at 2 (unpaginated). Surratt's statement, in relevant part, is as follows: "[B]ecause of my actions, because [my co-defendants] didn't know — they didn't really know, because I didn't know what I was going to do once I got there."  Appellant's Objection to Notice of Intention to Dismiss Post-Conviction Collateral Relief Act Petition Without a Hearing, 3/22/19, at Exhibits 2E-2F.

On November 14, 2018, the Commonwealth filed a motion for the appointment of PCRA counsel based on the "interests of justice[.]" Commonwealth's Motion for Appointment of Counsel, 11/14/18, at 2. Pertinent to this appeal, the Commonwealth pointed out that Appellant's co-defendant, Coto, also filed a counseled PCRA petition, "rais[ing] the same claim regarding the [newly]-discovered evidence of Erik Surratt's allocution statement" that was "currently pending before [the PCRA] court."[12]  **Id.** at 1. The Commonwealth also filed an answer to Appellant's PCRA petition on December 26, 2018.

---

[11] Appellant did not attach the entire transcript, but only three pages, to his petition, but did to his *pro se* objection to the PCRA court's Rule 907 notice.

[12] A panel of this Court affirmed the denial of Coto's PCRA petition. **See Commonwealth v. Coto**, 1309 WDA 2020/1310 WDA 2020 (unpub. memo.) (Pa. Super. Jan. 6, 2022), *appeal denied*, 103 WAL 2022/104 WAL 2022 (Pa. Aug. 30, 2022).

On March 5, 2019, the PCRA court issued a Rule 907 notice, finding the petition was untimely filed and Appellant had not proven that any of the PCRA timeliness exceptions applied to his case. *See* Notice of Intention to Dismiss Post-Conviction Collateral Relief Act Petition Without a Hearing, 3/5/19, at 3. Additionally, the court stated:

11) [Appellant] claim[ed] the instant PCRA petition qualifies as [a newly]-discovered evidence exception to the PCRA timeliness requirements due to the testimony of co-defendant Erik Surratt at a resentencing hearing before [the PCRA c]ourt on December 6, 2017.

12) In the instant PCRA [petition, Appellant] claim[ed] that Surratt testified during his resentencing hearing . . . that he . . . alone was responsible for shooting the victims. Surratt had a resentencing hearing because he was a juvenile when the homicide[s were] committed.

13) [Appellant] has not satisfied the 60[-]day requirement for newly discovered evidence. The instant PCRA petition was not filed within 60 days from December 6, 2017, the date this claim could have been presented.

14) Additionally, Surratt's testimony during his resentencing hearing did not exclude [Appellant] from the shooting. Furthermore, even if Surratt had stated that he was the sole participant in the shooting, it would not have qualified as newly discovered evidence because [Appellant] would have known before trial that Surratt was the sole participant, assuming he actually was the sole participant.

15) Assuming arguendo, that Surratt had testified during his resentencing hearing that he was the sole participant, and provided an affidavit to this effect, this still would not have qualified for the [newly-]discovered evidence exception. "[W]here a witness who has indicated to the defendant either an unwillingness to testify truthfully at trial, or has indicated an intention to assert the Fifth Amendment privilege against self-incrimination at trial, but later supplies an affidavit exonerating the defendant of the offense, the affidavit is merely newly

available evidence, but it is not newly discovered evidence." ***Commonwealth v. Padillas***, 997 A.2d [3]56, 364 (Pa. Super. 2010). Surratt did not testify at trial.

16) Moreover, evidence does not qualify as newly discovered evidence to satisfy the PCRA time[-]bar exception where it will be used solely to impeach the credibility of a witness. ***Commonwealth v. Pagan***, 950 A.2d 270 (Pa. 2008). Here, even if Surratt's testimony had exonerated [Appellant], it was . . . not newly discovered evidence since it would be used . . . solely to impeach the witnesses that identified him as an armed participant in the burglary/shooting[.]

17) During the trial, a witness . . . recognized [Appellant] as the first man to enter the house, and [the surviving victim] testified that the first man to enter the house asked for money then shot [another victim. Another witness] also identified [Appellant] as being a perpetrator at the house.

Notice of Intention to Dismiss Post-Conviction Collateral Relief Act Petition Without a Hearing, 3/5/19, at 4-5 (record citation & emphasis omitted). Appellant filed a *pro se* objection to the PCRA court's Rule 907 notice on March 22, 2019.

On July 23, 2019, the PCRA court appointed Diana Lynn Stavroulakis, Esquire (PCRA Counsel), to represent Appellant in the matter. Counsel then filed motions for an extension of time and special relief, requesting copies of pertinent transcripts from co-defendants Surratt's, Coto's, and Cunningham's criminal matters. ***See*** Appellant's Motion for Special Relief, 11/25/19, at 1

(unpaginated). The PCRA court granted both motions on November 19, 2020.[13]

One year and eight months thereafter, on August 10, 2022, the Commonwealth filed a motion to dismiss Appellant's PCRA petition. Like the PCRA court, the Commonwealth argued Appellant was "incorrect" as to Surratt's testimony because Surratt

> did not offer any "new facts" in his December 6, 2017 testimony. Instead, the content of Mr. Surratt's statements amount only to Mr. Surratt being a "new source" of facts that were previously known to [Appellant], because [Appellant] himself was [an] active participant in the crime [but] denied any involvement in his statement to the police.

Commonwealth's Motion to Dismiss Post Conviction Relief Act Petition, 8/10/22, at 23. The Commonwealth also pointed out that a panel of this Court had "rejected the same claim in the case of" Coto. *Id.* at 24, Commonwealth Exhibit 3 (**Coto**, 1309 WDA 2020/1310 WDA 2020 (unpub. memo.)).

That same day, Appellant filed a counseled response to the Commonwealth's motion to dismiss, stating: (1) **Coto** "potentially impacted the outcome of [Appellant]'s collateral attack[;]" (2) since this Court's affirmance of the denial of Coto's PCRA petition, Appellant has "supplied counsel with additional materials to review and to consider[;]" and (3) additional time was sought "to finalize communications with [Appellant] and

_____

[13] During this time, the case was reassigned to the Honorable Jennifer Satler, following the retirement of the trial judge, the Honorable Lester G. Nauhaus.

to file an appropriate pleading" with the PCRA court. **See** Appellant's Response to Motion to Dismiss, 8/10/22, at 2 (unpaginated).

The PCRA court granted Appellant additional time to file a pleading. **See** Order of Court, 8/16/22. On September 16, 2022, Appellant filed an amended PCRA petition, again relying on Surratt's statements to satisfy the newly-discovered evidence exception to the PCRA time-bar, and alleging that he was entitled to relief due to "actual innocence." **See** Appellant's Amended PCRA Petition, 9/16/22, at 11-17.

On September 29, 2022, the PCRA court entered separate orders at each criminal docket, dismissing Appellant's petition. Appellant filed timely, separate notices of appeal.[14, 15]

Appellant raises the following claims on appeal:

I. [Did t]he PCRA Court err[ed] in dismissing the petition as untimely because the discovery of new facts created an exception to the timeliness requirement[?]

II. [Did t]he PCRA Court err[ed] in dismissing the petition without an evidentiary hearing before giving notice of intent to dismiss,

---

[14] Appellant complied with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), as each notice of appeal contained one trial court docket number. We note **Walker** was subsequently overruled in part by **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021), which reaffirmed **Walker**, but held that Pa.R.A.P. 902 permits an appellate court, in its discretion, to allow correction of the error where appropriate. **See also** Pa.R.A.P. 902 (amended May 18, 2023).

[15] The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant timely complied, and the PCRA court issued an Pa.R.A.P. 1925(a) opinion on January 11, 2023.

providing the Court's reasons, and allowing [Appellant] to respond before entry of a final order, pursuant to [Pa.R.Crim.P.] 907[?]

III. [Did t]he PCRA Court err[ed] in dismissing the petition where newly discovered facts would have compelled a different verdict[?]

Appellant's Brief at 5.

This Court's "standard of review of a PCRA court order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Hipps**, 274 A.3d 1263, 1266 (Pa. Super. 2022) (citation omitted), *appeal denied*, 288 A.3d 1292 (Pa. 2022). Our review of factual questions is "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa. Super. 2022) (citations omitted). However, we apply a *de novo* standard of review to the PCRA court's legal conclusions. **Id.**

Appellant's first argument addresses whether the PCRA court properly dismissed his petition as untimely filed and that he did not meet his burden of proving that the "newly-discovered evidence" exception to the time-bar applied. **See** Appellant's Brief at 15. This claim touches upon our authority to grant any relief:

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. A judgment of sentence is final at the conclusion

of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citations, quotation marks, & emphasis omitted); ***see also*** 42 Pa.C.S. § 9545(b)(1), (3).

Here, Appellant was sentenced on April 18, 2008. As noted above, a panel of this Court affirmed his judgment of sentence, and the Pennsylvania Supreme Court denied his PAA on September 9, 2010. Therefore, his judgment of sentence became final on December 8, 2010 — 90 days after the Supreme Court denied the PAA, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13(1) (providing that a petition for a writ of *certiorari* in the United States Supreme Court must be filed within 90 days after the entry of judgment of a state court of last resort). Generally, Appellant then had one year from that date, until December 8, 2011, to file a PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1). He filed the present petition on September 11, 2018 — almost seven years later — and as such, it is facially untimely.

Nevertheless, Section 9545(b)(1) provides three exceptions to the time for filing requirement. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Among these is the "newly discovered fact" exception, which is defined as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

judgment becomes final, unless the petition alleges and the petitioner proves that:

\* \* \*

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1)(ii).

Any petition invoking one of the timeliness exceptions must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (subsequently amended eff. Dec. 24, 2018).[16] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008).

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

---

[16] Prior to 2018, Section 9545(b)(2) required a petitioner to invoke a timeliness exception within 60 days. However, in 2018, the time period was extended to one year. **See** 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, § 3. The Act amending Section 9545(b)(2) provides that the one-year period applies only to claims arising on or after December 24, 2017. **See** Act of October 24, 2018, P.L. 894, No. 146, § 3. Appellant alleges his claim arose on December 6, 2017, when Surratt made certain statements at his resentencing hearing. Therefore, the amendment to Section 9545(b)(2) does not apply to the present matter.

Additionally, the Pennsylvania Supreme Court previously explained that "[t]he focus of the [Section 9545(b)(1)(ii)] exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (citation, quotation marks, & emphasis omitted). "The law does not require a 'nexus' between the newly-discovered facts and the conviction or sentence for purposes of satisfying the timeliness exception requirements of the PCRA." **Commonwealth v. Blakeney**, 193 A.3d 350, 366 (Pa. 2018). The exception "does not require any merits analysis of the underlying claim[.]" **Commonwealth v. Small**, 238 A.3d 1267, 1286 (Pa. 2020) (citation omitted).

Here, Appellant attempted to satisfy the newly-discovered fact exception by relying on Surratt's December 6, 2017, statements. Appellant alleged Surratt admitted to murdering the victims and testified that "his co-defendants didn't know what he was gonna do." **See** Appellant's Petition for Post Conviction Collateral Relief, 9/11/18, at 3. Appellant also attached an exhibit to his petition of what appeared to be the transcript from Surratt's December 6th hearing, in which Surratt testified that he "did commit the murders" and his co-defendants "didn't really know[.]" **See** Appellant's Petition for Post Conviction Collateral Relief, 9/11/18, at Exhibits 2-3.

We must first address the 60-day requirement set forth in Section 9545(b)(2). Appellant explained that he not aware of Surratts's testimony

and did not receive a copy of the December 6th transcript until July 9, 2018, when his companion, Melyssa Weigold, mailed him the documents. ***See*** Appellant's Memorandum of Law, 9/24/18, at 2 (unpaginated). He alleged that he mailed the petition prior to the 60-day period expiring on September 7, 2018. The petition itself is dated August 31, 2018, but not timestamped as filed until September 11, 2018. The latter date would have fallen outside the 60-day period.

We recognize that Appellant is incarcerated and note that pursuant to Pennsylvania Rule of Appellate Procedure 121, "[a] *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence." Pa.R.A.P. 121(f). "Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011). Here, in his *pro se* objection to the PCRA court's Rule 907 notice, Appellant attached a prisoner cash slip with the stamp indicating that prison officials received the document on August 31, 2018, thereby meeting the 60-day filing requirement. ***See*** 42 Pa.C.S. § 9545(b)(2); ***see also*** Appellant's Objection to Notice of Intention to Dismiss Post-Conviction Collateral Relief Act Petition Without a Hearing, 3/22/19, at Exhibit 1.

Nevertheless, as will be discussed below, Appellant's claim fails to meet the timeliness exception requirements of Section 9545(b)(1)(ii). In denying relief, the PCRA court explained its reasons for rejecting his "newly-discovered evidence" claim as follows:

> [Appellant]'s "new facts" are predicated on statements made by co-defendant Erik Surratt during his resentencing hearing on December 6, 2017. Not only did Judge Nauhaus reject the claim that Mr. Surratt's statements qualified as "new facts" when he issued his Notice of Intention to Dismiss on February 28, 2019, thereby making such a conclusion the law of the case, the Superior Court of Pennsylvania also rejected the same claim set forth by co-defendant Ramone Coto.
>
> . . . Here, the alleged facts set forth by Mr. Surratt's statements at his resentencing hearing are not new in and of themselves, as the facts would have been known to [Appellant] before trial; the facts are simply being alleged to have come from a new source, which does not satisfy the exception set forth in 42 Pa.C.S.A. §9545(b)(1)(ii). Therefore, because [Appellant] cannot satisfy the time[-]bar exception set forth in 42 Pa.C.S.A. §9545(b)(1), this Court lacked jurisdiction to address [Appellant]'s PCRA Petition. . . .

PCRA Ct. Op., 1/11/23, at 7-8 (footnote omitted).

We agree with the PCRA court's conclusion. As analyzed by the **Coto** panel, Surratt's testimony regarding his admission of guilt and what his co-defendants knew only amounted to a "new source" of facts that were previously known to Appellant. **See Coto**, 1309 WDA 2020/1310 WDA 2020 (unpub. memo. at 7-10).[17] The Commonwealth pointed out that Appellant

---

[17] We note that more recently, another co-defendant, Cunningham raised the same claim regarding the "newly-discovered evidence" exception as in the

*(Footnote Continued Next Page)*

- 15 -

would have known of this information as he "denied any involvement in his statement to the police." Commonwealth's Brief at 24. Moreover, the PCRA court emphasized in its Rule 907 notice that Surratt's statements did not explicitly "exclude [Appellant] from the shooting[.]" Notice of Intention to Dismiss Post-Conviction Collateral Relief Act Petition Without a Hearing, 3/5/19, at 4. Lastly, there were multiple witnesses present at the crime scene who later provided trial testimony regarding Appellant's involvement in the incident. *See id.* at 5. Accordingly, Appellant's first claim is unavailing because he failed to plead and prove the applicability of the "newly-discovered evidence" exception to the PCRA's time-bar. *See Abu-Jamal*, 941 A.2d at 1268. Thus, the PCRA court properly refused to address the merits of the claim as it was without jurisdiction to do so.

In Appellant's second issue, he contends the PCRA court erred in dismissing his petition "without first providing proper notice pursuant to Rule 907 . . . and allowing counsel to file a response." Appellant's Brief at 20. Appellant states that while the court did provide Rule 907 notice in February 2019,[18] that notice predated the appointment of PCRA Counsel. *Id.* at 21.

_____

instant matter and Coto, and that panel also concluded that Surratt's testimony did not qualify as a "newly-discovered evidence" under the timeliness exception. *See Commonwealth v. Cunningham*, 1334 WDA 2022 (unpub. memo. at 9-11) (Pa. Super. Oct. 17, 2023).

[18] February 28, 2019, was the handwritten date on the Rule 907 notice but it was not filed until March 5, 2019.

Appellant also points out that the PCRA court subsequently gave PCRA Counsel time to review the matter and communicate with Appellant "in order to file [an] appropriate pleading before [the court] rendered a final decision." **Id.** He suggests the "entire request for collateral relief remained outstanding because the PCRA [c]ourt had never considered the counseled, [a]mended claims." **Id.** at 22. Appellant concludes:

> The PCRA [c]ourt was bound to follow the Rules of Criminal Procedure and to give notice of its intent to dismiss so that counsel could respond when the PCRA [c]ourt concluded that these issues were untimely and the court planned to dismiss the petition without a hearing. At the very least, the case must be remanded, directing the PCRA [c]ourt to give notice of its intent to dismiss, and providing counsel with an attempt to make any corrections and to respond before the PCRA [c]ourt enters a final [o]rder.

**Id.** at 23.

By way of background, we reiterate that this is Appellant's third PCRA petition under review. The PCRA court issued a Rule 907 notice on March 5, 2019. Subsequently, at the request of the Commonwealth, the PCRA court appointed PCRA Counsel to represent Appellant in the matter. Counsel was provided extensive time to review the matter and file any responsive pleading. Three years after counsel's appointment with no further pleadings submitted, the Commonwealth filed a motion to dismiss Appellant's PCRA petition on August 10, 2022, wherein it referenced the decision in **Coto**, **supra**. That same day, Appellant filed a counseled response, stating **Coto** potentially impacted the case and additional time was needed. On September 16, 2022, Appellant filed an amended PCRA petition, again relying on Surratt's

- 17 -

statements to satisfy the "newly-discovered evidence" exception to the PCRA time-bar. The PCRA court then entered separate orders dismissing Appellant's petition 13 days later.

Pursuant to Rule 907, when disposing of a PCRA petition without a hearing,

> the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). **If the judge is satisfied from this review that there are no genuine issues** concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, **the judge shall give notice to the parties of the intention to dismiss the petition** and shall state in the notice the reasons for the dismissal. . . .

Pa.R.Crim.P. 907(1) (emphases added).

Here, the PCRA court recognized its failure of not filing a Rule 907 notice was in error but found that its actions were harmless. *See* PCRA Ct. Op. at 8-9.

We agree that Appellant is not entitled to relief but on a different basis.[19] As determined above, Appellant's PCRA petition was patently untimely and no exception applied. This Court has previously stated, "[F]ailure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." *Commonwealth v. Zeigler*, 148 A.3d 849, 851 n.2 (Pa. Super.

---

[19] *See Commonwealth v. Rowe*, 293 A.3d 733, 739 (Pa. Super. 2023) ("We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.") (citation omitted).

2016). Accordingly, even though the PCRA court failed to file the mandated Rule 907 notice, Appellant is not entitled to any relief.

In his third claim, Appellant asserts that the PCRA court erred in dismissing his petition because the newly-discovered evidence "would have **compelled a different verdict and changed the outcome of the case**." Appellant's Brief at 24 (emphasis added). Moreover, he states he "did not know Surratt was fully responsible, nor that he accepted full responsibility for committing the crimes." *Id.* at 25. He maintains that "Surratt's statements do not amount to cumulative evidence[;]" rather, they "establish his sole and total culpability and completely exculpate" Appellant. *Id.*

Appellant's final argument touches upon the merits of a claim of after-discovered evidence. *See Williams*, 244 A.3d at 1289 n.20.

> After-discovered evidence is a recognized ground for relief under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(vi). Relief is due when the proponent can "demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) **is not merely** corroborative or **cumulative**; (3) will not be used solely to impeach the credibility of a witness; and (4) **would likely result in a different verdict if a new trial were granted**." [*Pagan*, 950 A.2d at 292]. Failure to satisfy any one prong is fatal to the claim. *See Commonwealth v. Solano*, 129 A.3d 1156, 1180 (Pa. 2015) ("As this test is conjunctive, failure to establish one prong obviates the need to analyze the remaining ones.").

*Commonwealth v. Crumbley*, 270 A.3d 1171, 1178 (Pa. Super. 2022) (emphases added), *appeal denied*, 284 A.3d 884 (Pa. 2022). However, because Appellant's petition is facially untimely, and he has failed to prove any applicable timeliness exception under Section 9545(b)(1), we are without

jurisdiction and precluded from reaching the merits of Appellant's substantive claim. Accordingly, Appellant's final claim need not be addressed further.

Orders affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  11/22/2023